## H. T. BAHNSEN v. F. A. CHESEBRO.

*Arrest and Bail—Sufficiency of Affidavit—Practice.*

In an action for arrest and bail, the plaintiff alleged in substance that the
defendant had sold him a certain patent right, representing the same to
be genuine and no infringement upon any prior patent, which repre-
sentations were false and intended to deceive plaintiff; that he had been
damaged the amount of the purchase money paid to defendant; and
that defendant was a non-resident; *Held*, that the order of arrest was
properly issued.

MOTION to vacate an Order of Arrest heard at Chambers
on the 3d of April, 1877, before *Kerr J.*

The plaintiff instituted an action against the defendant in
the Superior Court of FORSYTHE County, demanding pay-
ment of $1,100, and at the same time filed the following affi-
davit in support of an allegation in his complaint: "That
in April or May, 1876, the defendant sold to plaintiff a cer-
tain patent known as 'Donaldson's Inhaler,' for which this
affiant paid from time to time the sum of about $1,100 ; that
this affiant made the purchase upon the representations of
defendant that the said patent was genuine and no infringe-
ment on any patent heretofore obtained, which representa-
tion caused the plaintiff to make the purchase; that said
representations were false, and as this affiant is informed and
believes, were knowingly false at the time they were made,
and intended to defraud plaintiff and induce him to buy ;
that by reason of said patent being an infringement on a
patent previously granted, it was worthless to the plaintiff,
he not being allowed to deal in the same without subjecting
himself to an action for damages by the prior patentee ; that
by reason of said false and fraudulent representations, the
plaintiff has been damaged to the amount of $1,100 ; and

that the defendant is not a resident of this State, but claims to be a citizen of Baltimore."

Upon this affidavit the Clerk of the Superior Court of Forsythe County ordered the arrest of the defendant, who insisted at the hearing of this motion; (1) that the controversy was one arising under the Patent Laws of the United States, and as such the State Courts had no jurisdiction; (2) that he was acting as agent of his father and sold said "Inhaler" as an improved instrument and not as an original invention, and that plaintiff bought with a knowledge of this fact; and (3) that no fraud was practiced on plaintiff and that there was no evidence of an infringement on any other patent. His Honor after argument refused the motion and the defendant appealed.

*Messrs. Watson & Glenn,* for plaintiff.
*Messrs. J. C. Buxton, J. M. Clement* and *J. M. McCorkle,* for defendant.

PEARSON, C. J. Upon reading the affidavits filed in the complaint, we are satisfied that there was probable cause to support the allegation that the contract was obtained by means of false and fraudulent representations. We concur with His Honor in the conclusion that the motion to vacate the order of arrest ought not to be granted.

No error.

PER CURIAM.                    Judgment affirmed.